# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

NOVEMBER 2015

E-Filing Number: 1511002887

000286

| | |
|---|---|
| PLAINTIFF'S NAME<br>AARON ABEL | DEFENDANT'S NAME<br>BIG LOTS STORES, INC. |
| PLAINTIFF'S ADDRESS<br>3714 NORTH SYDENHAM STREET<br>PHILADELPHIA PA 19140 | DEFENDANT'S ADDRESS<br>300 PHILLIPI ROAD<br>COLUMBUS OH 43228 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[X] Other: CLASS ACTION | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE
C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>NOV 02 2015<br>D. SAVAGE | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES    NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: AARON ABEL

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>R. ANDREW SANTILLO | ADDRESS<br>WINEBRAKE & SANTILLO, LLC<br>TWINING OFFICE CENTER<br>715 TWINING ROAD, SUITE 211<br>DRESHER PA 19025 |
|---|---|
| PHONE NUMBER<br>(215) 884-2491    FAX NUMBER<br>(215) 884-2492 | |
| SUPREME COURT IDENTIFICATION NO.<br>93041 | E-MAIL ADDRESS<br>asantillo@winebrakelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>R. ANDREW SANTILLO | DATE SUBMITTED<br>Monday, November 02, 2015, 04:18 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Peter Winebrake, Esq. (Attorney ID No. 80496)
R. Andrew Santillo, Esq. (Attorney ID No. 93041)
Mark J. Gottesfeld, Esq. (Attorney ID No. 307752)
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone: (215) 884-2491



Filed and Attested by
PROTHONOTARY
02 NOV 2015 04:16 pm
D. SAVAGE

*Counsel for Plaintiff and the Putative Classes (Additional Counsel Listed on Signature Page)*

| | |
|---|---|
| AARON ABEL, | PHILADELPHIA COUNTY |
| | COURT OF COMMON PLEAS |
| Plaintiff, | TRIAL DIVISION |
| | |
| v. | CLASS ACTION |
| | |
| BIG LOTS STORES, INC. | Case No. _____ |
| | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT -- CLASS ACTION
### 1O — Contract: Other

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion. Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda. Usted puede perder dinero o sus propriedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-1701

Case ID: 151100286

Aaron Abel ("Plaintiff"), by and through his attorneys, on behalf of himself and the consumer Class set forth below, brings the following Class Action Complaint against Big Lots Stores, Inc. ("Defendant"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1.    This consumer class action is brought under the Fair Credit Reporting Act ("FCRA") against a company who routinely and systematically violates the FCRA's basic protections by failing to provide required disclosures prior to procuring background reports on applicants and employees.

2.    As Defendant's practices were routine and systematic, Plaintiff asserts claims for damages on behalf of himself and a Class of similarly situated individuals on whom Defendant caused a consumer report to be procured without first providing required disclosure.

## PARTIES

3.    Plaintiff Aaron Abel is an individual residing at 3714 North Sydenham Street, Philadelphia, Pennsylvania.

4.    Defendant Big Lots Stores, Inc. is a corporation operating Big Lots store locations throughout the United States, including in this County. Defendant is incorporated and headquartered in Ohio.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

6.    The Courts of Common Pleas of this Commonwealth are endowed with full authority as provided by law, which extends to causes of action arising under federal law. 42 Pa.

C.S.A. § 931.

7.      The Court has personal jurisdiction over Defendant.

8.      Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendant regularly conducts business in Philadelphia County and has store locations within Philadelphia County. Plaintiff's claim also arose from a transaction or occurrence which took place in this County.

## STATUTORY BACKGROUND

9.      Enacted in 1970, the FCRA's passage was driven in part by two related concerns: First, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

10.     While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

11.     Congress was particularly concerned about the use of background reports in the employment context, and therefore defined the term "consumer reports" to explicitly include background reports procured for employment purposes. *See* 15 U.S.C. § 1681a(d)(1)(B).

12.     Through the FCRA, Congress required employers disclose that a consumer report may be obtained for employment purposes before procuring the report. 15 U.S.C. § 1681b(b)(2)(A)(i).

13.     Specifically, Congress made it unlawful for an employer or prospective employer to "procure, or cause a consumer report to be procured, for employment purposes with respect to

-3-

any consumer, unless …a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added). This requirement is frequently referred to as the "stand-alone disclosure requirement."

14.     Many other provisions of the FCRA are also notice provisions. *See* 15 U.S.C. § 1681b(b)(3)(A) (pre-adverse employment action notice requirement); § 1681b(4)(B) (notification of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681d(a) (disclosure of investigative report); § 1681g (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding the use of public record information); § 1681h (form and conditions of disclosure); § 1681m(a) (notice of adverse action).

15.     Like the other notice provisions in the FCRA, the stand-alone disclosure provision puts consumers on notice that a report about them may be prepared. This knowledge enables consumers to exercise a variety of other substantive rights conferred by the statute, many of which work to ensure accuracy, confidentiality, and fairness. 15 U.S.C. § 1681c(a) (limiting temporal scope of information that can be reported); § 1681e(b) (mandating that consumer reporting agencies employ procedures to ensure "maximum possible accuracy" in reports); § 1681k (requiring consumer reporting agencies that report public record information to employers to either provide notice to the consumer that information is being reported or have "strict procedures" to ensure that information is "complete and up to date"); § 1681i (requiring that consumer reporting agencies investigate any disputed information); § 1681g (requiring that consumer reporting agencies provide a complete copy of the consumer's file to the consumer).

16.     Without a clear notice that a consumer report is going to be procured on them, applicants are hindered in their ability to preserve their privacy, and to correct errors or other

Case ID: 151100286

problems with the reports.

17.     As discussed below, Defendant routinely violated the FCRA, and consumers' rights, by failing to provide the required stand-alone disclosure before procuring consumer reports for employment purposes.

## ALLEGATIONS RELATING TO PLAINTIFF

18.     Throughout the two years preceding the filing of this action, Defendant has routinely procured consumer reports on applicants and employees from Sterling Infosystems, Inc. ("Sterling") on applicants.

19.     Sterling is a consumer reporting agency because it sells background reports for employment purposes.

20.     Defendant provides its applicants with a form titled, "Consent to Request Consumer Report & Investigative Consumer Report Information."

21.     The Consent to Request Consumer Report & Investigative Consumer Report Information is not a stand-alone disclosure and does not comply with the requirements of § 1681b(b)(2).

22.     Rather, the form contains extraneous information that violates the FCRA's stand-alone disclosure requirement. (Ex. 1.)

23.     First, the form contains the statement that the applicant "fully understand[s] that all employment decisions are based on legitimate non-discriminatory reasons." *Id.*

24.     The FCRA allows only a single exception to the requirement that employers provide applicants and employees with a document consisting solely of the disclosure that a consumer report will be procured for employment purposes. Specifically, the statute states that the disclosure may include a written authorization for the employer to procure the report. 15 U.S.C. 1681b(b)(2)(a) states:

Case ID: 151100286

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer unless—

(i)  a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii)  the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

25.  Defendant's purported implied liability waiver (i.e., that the applicant "fully understand[s] that all employment decisions are based on legitimate non-discriminatory reasons") is neither a disclosure that a consumer report may be obtained for employment purposes nor an authorization for the procurement of a consumer report. (Ex. 1.)

26.  Because the only information permitted to appear on a form with the disclosure is the authorization by the consumer for the employer to obtain a consumer report, the implied liability waiver violates the FCRA.

27.  The Consent to Request Consumer Report & Investigative Consumer Report Information also violates the FCRA by including other extraneous information. For example the form includes over a full page of state-specific notices. (Ex. 1.) These state-specific statements are not an authorization for Defendant to procure a consumer report and are also not disclosures of the fact that a report may be procured for employment purposes. Rather, these statements are extraneous information that renders any disclosure required under the FCRA not "clear and conspicuous" and also not a document consisting "solely" of the disclosure. Accordingly, the inclusion of these statements on the form violates the FCRA.

28.  Finally, the Consent to Request Consumer Report & Investigative Consumer Report Information contains information on how background information will be gathered and from which sources, statements pertaining to disputing any information, and the name and

contact information of the consumer reporting agency "designated to handle inquiries regarding the investigative consumer report," despite the fact that no "investigative consumer report" was procured. All of this, too, renders the form something other than a "stand-alone" disclosure and, accordingly, violates the FCRA. *Id.*

29. On or around November 12, 2013, Plaintiff applied to work at Defendant's 199 Franklin Mills Blvd., Philadelphia, PA 19154 location.

30. Plaintiff received the Consent to Request Consumer Report & Investigative Consumer Report Information and then signed it on November 12, 2013.

31. The Consent to Request Consumer Report & Investigative Consumer Report Information was the only document Defendant gave Plaintiff prior to procuring his consumer report that purported to disclose that Defendant may procure a consumer report on him for employment purposes.

32. On or around November 12, 2013, Defendant procured a consumer report on Plaintiff from Sterling. (Ex. 2.)

## ALLEGATIONS RELATING TO DEFENDANT'S PRACTICES

33. The text of the FCRA is pellucid and clear. Defendant is required to obtain written authorization and provide a disclosure in a document consisting solely of the disclosure before procuring consumer reports.

34. The disclosure Defendant provides is not compliant with the FCRA's plain language because it includes, *inter alia*, extraneous information.

35. Numerous courts have found the inclusion of this kind of information to violate the FCRA. *See, e.g., Jones v. Halstead Mgmt. Co., LLC*, ___ F. Supp. 3d ___, No. 14-CV-3125 VEC, 2015 WL 366244, at *5 (S.D.N.Y. Jan. 27, 2015) (finding disclosure to not stand-alone when it included "information regarding time frames within which the applicant must challenge

the accuracy of any report; an acknowledgement that 'all employment decisions are based on legitimate non-discriminatory reasons;' . . . and all sorts of state-specific disclosures"); *Groshek v. Time Warner Cable, Inc.*, No. 15-C-157, 2015 WL 4620013, at *2 (E.D. Wis. July 31, 2015) ("[T]he Court agrees with the plaintiff and those courts which maintain that the language of the statute is simple and straightforward. [Defendant] acted recklessly by including extraneous information in the disclosure."); *Martin v. Fair Collections & Outsourcing, Inc.*, No. GJH-14-3191, 2015 WL 4064970, at *4 (D. Md. June 30, 2015) (denying motion to dismiss where form "contain[ed] an authorization to obtain the report, information on when the applicant must challenge the accuracy of any report, an acknowledgement that the employee understands that 'all employment decisions are based on legitimate non-discriminatory reasons,' the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report, and several pieces of state-specific information"); *Moore v. Rite Aid Hdqtrs Corp.*, No. CIV.A. 13-1515, 2015 WL 3444227, at *12 (E.D. Pa. May 29, 2015) ("[T]he text of the statute and the available agency guidance demonstrate[] that the inclusion of information on the form apart from the disclosure and related authorization violates § 1681b(b)(2)(A)."); *Rawlings v. ADS Alliance Data Sys., Inc.*, No. 2:15-CV-04051-NKL, 2015 WL 3866885, at *6 (W.D. Mo. June 23, 2015) (stating "[w]here the FCRA's language is clear, a dearth of guidance does not justify an objectively unreasonable interpretation of the statute" and denying motion to dismiss where form contained extraneous state law disclosures and plaintiff alleged that defendant "knowingly used a disclosure form . . . that contained extraneous information in violation of the FCRA"); *Miller v. Quest Diagnostics*, No. 2:14-cv-4278, ___ F. Supp. 3d ___, 2015 WL 545506, at *3 (W.D. Mo. Jan. 28, 2015) (finding "inclusion of the state-mandated consumer report information, administrative sections, *and* release language in the disclosure violates 15 U.S.C. § 1681b(b)(2)"); *Johnson v. Casey's*

Case ID: 151100286

*Gen. Stores, Inc.*, ___ F. Supp. 3d ___, No. 6:15-CV-30860MDH, 2015 WL 4542143, at *3 (W.D. Mo. July 27, 2015) (denying motion to dismiss stand-alone disclosure claim where it was alleged that defendant "certified compliance with the stand-alone disclosure requirement, knowingly violated that requirement and acted in willful violation of the FCRA"); *see also E.E.O.C. v. Video Only, Inc.*, No. CIV. 06-1362-KI, 2008 WL 2433841, at *11 (D. Or. June 11, 2008) (granting summary judgment against the defendant-employer who made disclosure "as part of its job application which is not a document consisting solely of the disclosure."); *Harris v. Home Depot U.S.A., Inc.*, No. 15-CV-01058-VC, ___ F. Supp. 3d ____, 2015 WL 4270313, at *2 (N.D. Cal. June 30, 2015) (holding that "a release of liability is separate and distinct from the disclosure and authorization" and finding plausible allegation that defendant "inserted this [release] into the disclosure form despite knowing that to do so would violate the FCRA, or at least with reckless disregard for the FCRA's requirements"); *Dunford v. American Databank, Inc.*, 64 F. Supp. 3d 1378, 1388 (N.D. Cal. Aug. 12, 2014) (finding document that contained a liability release to "not consist solely of the disclosure because it added a paragraph exonerating [the defendant]"); *Avila v. NOW Health Grp., Inc.*, No. 14 C 1551, 2014 WL 3537825, at *2 (N.D. Ill. July 17, 2014) (finding inclusion of liability waivers to be "contrary to the express language of the FCRA, which requires a disclosure 'in a document that consists solely of the disclosure'"); *Singleton v. Domino's Pizza, LLC*, No. 12-cv-823, 2012 WL 245965, at *9 (D. Md. Jan. 25, 2012) ("[B]oth the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document."); *Reardon v. ClosetMaid Corp.*, No. 2:-8-cv-01730, 2013 WL 6231606, at *10 (W.D. Pa. Dec. 2, 2013) (finding disclosure with liability waiver to be "facially contrary to the statute at hand, and all of the administrative guidance"); *Speer v. Whole Food Mkt. Grp., Inc.*, No. 8:14-CV-3035-T-26TBM, 2015 WL 1456981, at *3 (M.D. Fla. Mar. 30, 2015) (finding that plaintiff had stated a

Case ID: 151100286

claim wherein plaintiff alleged that "the inclusion of the waiver along with the disclosure violated the FCRA"); *Lengel v. HomeAdvisor, Inc.*, No. 15-2198-RDR, ___ F. Supp. 3d ___, 2015 WL 2088933, at *8 (D. Kan. May 6, 2015) ("[I]t may be plausibly asserted that the standalone disclosure provision was recklessly violated by the use of the Release form because it did not consist solely of the disclosure that a consumer report may be obtained for employment purposes."); *Milbourne v. JRK Residential Am., LLC*, ___ F. Supp. 3d ___, No. 3:12-cv-861, 2015 WL 1120284, at *6 (E.D. Va. Mar. 10, 2015) ("Thus, judging by the text of the statute alone, inclusion of a waiver within the document containing the disclosure would violate [the FCRA].").

36.    Similarly, the FTC has warned employers that "the FCRA requires an employer who plans to obtain consumer report for employment purposes . . . to obtain the consumer's written authorization *before* procuring the report." *Letter from Ronald Isaac, Fed. Trade Comm'n, to Michael C. Brisch, Vinson & Elkins* (June 11, 1998) (emphasis added).

37.    Defendant knew that it had an obligation to provide a stand-alone disclosure and obtain the consumer's authorization before procuring a consumer report.

38.    The FCRA requires that, prior to procuring consumer reports, employers must certify to the consumer reporting agency that they will comply with the FCRA's stand-alone disclosure and authorization requirements. *See* 15 U.S.C. § 1681b(b)(1).

39.    In accordance with their standard procedures, the consumer reporting agencies from which Defendant acquired consumer reports during the two years preceding the filing of this Complaint, including Sterling, required Defendant to certify that it would comply with the stand-alone disclosure provisions of the FCRA.

40.    Before procuring Plaintiff's report, Defendant did, in fact, certify to Sterling and other consumer reporting agencies that it would comply with the stand-alone disclosure and

Case ID: 151100286

authorization provisions of the FCRA.

41. In its contract with Sterling, Defendant also agreed that before obtaining a consumer report, Defendant would provide a disclosure in writing to the consumer that a consumer report will be obtained for employment purposes and that such disclosure will be made in a document consisting solely of the disclosure.

42. Defendant did not procure Plaintiff's report in connection with any investigation of suspected misconduct relating to employment, or compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer.

43. By systematically inserting extraneous information into Plaintiff's and other class members' disclosures, Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A).

44. Plaintiff experienced a concrete injury in the form of being deprived of a disclosure to which he was statutorily entitled as a result of Defendant's failure to comply with the FCRA's stand-alone disclosure requirement.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action pursuant to Pa. R. Civ. P. 1701-16 on behalf of the following proposed Class:

> All individuals on whom Defendant obtained a consumer report for employment purposes in the two years predating the filing of this Complaint and continuing through the date the class list is prepared.

46. The Class satisfies the requirements of Pa. R. Civ. P. 1702.

47. Numerosity: The Class is so numerous that joinder of all class members is impracticable. Defendant employs thousands of workers, many of whom are members of the Class.

48. Typicality: Plaintiff's claims are typical of the members of the Class. It is typical

Case ID: 151100286

for Defendant to procure consumer reports for employment purposes, and Defendant typically does not provide the stand-alone disclosure required by the FCRA when obtaining consumer reports for employment purposes. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistently with other class members in accordance with its standard policies and practices.

49. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class pursuant to Pa. R. Civ. P. 1709 because he and his experienced and well-financed counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the Class.

50. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendant uses consumer report information to conduct background checks for employment purposes;

    b. Whether Defendant's form satisfies the stand-alone disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i);

    c. Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the Act;

    d. Whether Defendant was on notice of the stand-alone disclosure requirements of the FCRA;

    e. Whether Defendant's violations of the FCRA were negligent, knowing, and/or willful; and

    f. The proper measure of damages against Defendant.

51. The Class satisfies the requirements of Pa. R. Civ. P. 1708.

52. Class certification is appropriate under Rule 1708 because, *inter alia*, questions of law and fact common to the Class predominate over any questions affecting only individual

-12-

members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

53.    This forum is appropriate for the litigation of the claims of the Class because the proposed Class is national in nature and Defendant does business in this forum.

54.    In view of the complexities of the issues and the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions.

55.    Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

56.    Plaintiff intends to send notice to all members of the Classes to the extent required by Rule 1712. The names and addresses of the class members are available from Defendant's records.

### CLAIM FOR RELIEF
*Failure to Provide a Stand-alone Disclosure*
**15 U.S.C. 1681b(2)(A)(i)**
**(On Behalf of Plaintiff and the Class)**

57.    Defendant violated the FCRA by procuring consumer reports on Plaintiff and

Case ID: 151100286

Class members without making the stand-alone disclosure required by the FCRA. *See* 15 U.S.C. § 1681b(b)(2).

58.     Defendant acted willfully and in knowing or reckless disregard of its obligations and the rights of Plaintiff and the other Class members.

59.     Defendant's willful conduct is reflected by, among other things, the fact that it violated a clear statutory mandate set forth in 15 U.S.C. § 1681b(b)(2), and that Defendant certified that it would comply with 15 U.S.C. § 1681b(b)(2).

60.     Defendant's willful conduct is still further reflected by the following:

   (a)     The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

   (b)     Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

   (c)     Defendant repeatedly and routinely uses the same unlawful document with all of its employees on whom it procured consumer reports or otherwise failed to provide them with the required stand-alone disclosure;

   (d)     Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes; and

   (e)     By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

Case ID: 151100286

61.     Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A). Plaintiff and the Class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2). Plaintiff and the Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A.      Determining that this action may proceed as a class action under Rule 1710 of the Pennsylvania Rules of Civil Procedure;

B.      Designating Plaintiff as the class representative for the Class;

C.      Designating Plaintiff's Counsel as counsel for the Class;

D.      Issuing proper notice to the Class at Defendant's expense;

E.      Declaring that Defendant committed multiple, separate violations of the FCRA;

F.      Declaring that Defendant acted willfully in deliberate or reckless disregard of the rights of Plaintiff and the Class under the FCRA;

G.      Awarding actual and/or statutory damages as provided by the FCRA;

H.      Awarding punitive damages;

I.      Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA;

J.      Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Case ID: 151100286

Date: November 2, 2015

/s/ R. Andrew Santillo
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone: (215) 884-2491
Email: pwinebrake@winebrakelaw.com
        asantillo@winebrakelaw.com
        mgottesfeld@winebrakelaw.com

E. Michelle Drake (*pro hac vice admission anticipated*)
Anna P. Prakash (*pro hac vice admission anticipated*)
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 256-3200
Email: drake@nka.com

*Counsel for Plaintiff and the Putative Class*

Case ID: 151100286

# Exhibit 1


## STERLING
Know **Who** You're Hiring!

**Consent to Request Consumer Report & Investigative Consumer Report Information**

Aaron Abel

**Applicant's Name**

---

I understand that BIG LOTS ("COMPANY") will use **Sterling Infosystems ("STERLING")**, 6111 Oak Tree Boulevard, Independence, OH 44131, **(800) 853-3228** to obtain a consumer report and/or investigative consumer report ("Report") as part of the hiring process. I also understand that if hired, to the extent permitted by law, COMPANY may obtain further Reports from STERLING so as to update, renew or extend my employment.

I understand Sterling's investigation may include obtaining information regarding my credit background, bankruptcies, lawsuits, judgments, paid tax liens, unlawful detainer actions, failure to pay spousal or child support, accounts placed for collection, character, general reputation, personal characteristics and standard of living, workers compensation (but only after an offer of employment is made), driving record and criminal record, subject to any limitations imposed by applicable federal and state law. I understand such information may be obtained through direct or indirect contact with former employers, schools, financial institutions, landlords and public agencies or other persons who may have such knowledge. If an investigative consumer report is being requested, I understand such information may be obtained through any means, including but not limited to personal interviews with my acquaintances and/or associates or with others whom I am acquainted.

The nature and scope of the investigation sought will not exceed: credit background, bankruptcies, lawsuits, judgments, paid tax liens, unlawful detainer actions, failure to pay spousal or child support, accounts placed for collection, character, general reputation, personal characteristics and standard of living, driving record and criminal record, workers compensation (but only after an offer of employment is made).

I acknowledge receipt of the summary of my rights under the Fair Credit Reporting Act and, as required by law, any related state summary of rights (collectively "Summaries of Rights").

This consent will not affect my ability to question or dispute the accuracy of any information contained in a Report. I understand if COMPANY makes a conditional decision to disqualify me based all or in part on my Report, I will be provided with a copy of the Report and another copy of the Summaries of Rights, and if I disagree with the accuracy of the purported disqualifying information in the Report, I must notify COMPANY within five business days of my receipt of the Report that I am challenging the accuracy of such information with Sterling.

I hereby consent to this investigation and authorize COMPANY to procure a Report on my background.

In order to verify my identity for the purposes of Report preparation, I am voluntarily releasing my date of birth, social security number and the other information and fully understand that all employment decisions are based on legitimate non-discriminatory reasons.

The name, address and telephone number of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report is:

Sterling Infosystems Company | 6111 Oak Tree Boulevard, Independence, OH 44131 | 800-853-3228 Option 3

☐ **California, Maine, Massachusetts, Minnesota, New Jersey & Oklahoma Applicants Only:** I have the right to request a copy of any Report obtained by COMPANY from Sterling by checking the box. (You will be asked to check the box after you click "Submit" at the end of this process)

**California, Connecticut, Maryland, Oregon, Vermont and Washington State Applicants Only (AS APPLICABLE):** I further understand that COMPANY will not obtain information about my credit history, credit worthiness, credit standing, or credit capacity unless: (i) the information is required by law; (ii) I am seeking employment with a financial institution (California, Connecticut and Vermont only – in California the financial institution must be subject to Sections 6801-6809 of the U.S. Code and in Vermont it must be a financial Inst&b41 00286

institution as defined in 8 V.S.A.§ 11101(32) or a credit union as defined in 8 V.S.A. § 30101(5)); (iii) I am seeking employment with a financial institution that accepts deposits that are insured by a federal agency, or an affiliate or subsidiary of the financial institution or a credit union share guaranty corporation that is approved by the Maryland Commissioner of Financial Regulation or an entity or an affiliate of the entity that is registered as an investment advisor with the United States Securities and Exchange Commission (Maryland only); (iv) I am seeking employment in a position which involves access to confidential financial information (Vermont only); (v) I am seeking employment in a position which requires a financial fiduciary responsibility to the employer or a client of the employer, including the authority to issue payments, collect debts, transfer money, or enter into contracts (Vermont only); (vi) COMPANY can demonstrate that the information is a valid and reliable predictor of employee performance in the specific position being sought or held; (vii) I am seeking employment in a position that involves access to an employer's payroll information (Vermont only); (viii) **the information is substantially job related, and the bona fide reasons for using the information are disclosed to me in writing,** (Connecticut, Maryland, Oregon and Washington only);(ix) I am seeking employment as a covered law enforcement officer, emergency medical personnel, firefighter police officer, peace officer or other law enforcement position (California, Oregon and Vermont only - in Oregon the police or peace officer position must be sought with a federally insured bank or credit union and in Vermont the law enforcement officer position must be as defined in 20 V.S.A. § 2358, the emergency medical personnel must be as defined in 24 V.S.A. § 2651(6), and the firefighter position must be as defined in 20 V.S.A. § 3151(3)); (x) the COMPANY reasonably believes I have engaged in specific activity that constitutes a violation of law related to my employment (Connecticut only); (xi) I am seeking a position with the state Department of Justice (California only); (xii) I am seeking a position as an exempt managerial employee (California only); and/or (xiii)) I am seeking employment in a position (other than regular solicitation of credit card applications at a retail establishment) that involves regular access to all of the following personal information of any one person: bank or credit card account information, social security number, and date of birth,, I am seeking employment in a position that requires me to be a named signatory on the employer's

bank or credit card or otherwise authorized to enter into financial contracts on behalf of the employer, I am seeking employment in a position that involves access to confidential or proprietary information of the Company or regular access to $10,000 or more in cash (California only).

**NY Applicants Only:** I also acknowledge that I have received the attached copy of Article 23A of New York's Correction Law. I further understand that I may request a copy of any investigative consumer report by contacting Sterling. I further understand that I will be advised if any further checks are requested and provided the name and address of the consumer reporting agency.

**California Applicants and Residents:** If I am applying for employment in California or reside in California, I understand I have the right to visually inspect the files concerning me maintained by an investigative consumer reporting agency during normal business hours and upon reasonable notice. The inspection can be done in person, and, if I appear in person and furnish proper identification; I am entitled to a copy of the file for a fee not to exceed the actual costs of duplication. I am entitled to be accompanied by one person of my choosing, who shall furnish reasonable identification. The inspection can also be done via certified mail if I make a written request, with proper identification, for copies to be sent to a specified addressee. I can also request a summary of the information to be provided by telephone if I make a written request, with proper identification for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or directly charged to me. I further understand that the investigative consumer reporting agency shall provide trained personnel to explain to me any of the information furnished to me; I shall receive from the investigative consumer reporting agency a written explanation of any coded information contained in files maintained on me. "Proper identification" as used in this paragraph means information generally deemed sufficient to identify a person, including documents such as a valid driver's license, social security account number, military identification card and credit cards. I understand that I can access the following website - https://smwreports.sterlingdirect.com/privacy/ - to view Sterling's privacy practices, including information with respect to Sterling's preparation and processing of investigative consumer reports and guidance as to whether my personal information will be sent outside the United States or its territories.

| | |
|---|---|
| _Owen (Kod_ | 11/12/2013 |
| **Signature:** | **Today's Date:** |

Exhibit 2

Case ID: 151100286

11/12/2013


**STERLING**
Know Who You're Hiring!™

| Client Information | | |
|---|---|---|
| BIG LOTS<br>300 PHILLIPI ROAD<br>COLUMBUS   OH  43228<br><br>Location:  0002 | Subcode:<br>Reference #:<br>Quoteback:<br>Attention: | E8084309<br>1984-POULIN<br><br>JOHNDA TOWNSEND |

| Applicant Information | | |
|---|---|---|
| Applicant Name:  **ABEL, AARON**<br>Social Security No:<br>Phone:<br>Maiden Name/Aliases:<br>Address: | Control #:<br>Ordered By:<br><br><br>PHILADELPHIA, PA | **56786408**<br>VICKI CANTER |

## CAUTION

California Applicants/Employees Only: The report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report. An investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures, as provided in Section 1786.26.

Sólo para los Solicitantes/Empleados de California: En el informe no se garantiza la exactitud o veracidad de la información en cuanto al tema de la investigación, sino sólo que se ha copiado exactamente de los registros públicos, y la información generada como resultado del robo de identidad, incluyendo las pruebas de una actividad delictiva, podría estar incorrectamente asociada con el consumidor que sea el sujeto del informe. Una agencia investigadora de informes de crédito deberá suministrarle a un consumidor que trate de obtener una copia de un informe o solicite revisar un archivo una notificación por escrito en inglés y español lisos y llanos, en la que se establezcan los términos y las condiciones de su derecho a recibir toda la información, como se dispone en la Sección 1786.26.

Pursuant to Minn. Stat. Ann. § 332.70(4): The report may include information that has been expunged, sealed, or has otherwise become inaccessible to the public since the date it was collected.

Results pertaining to the subject's potential criminal background results are only included in the report if there is an exact match between the full name and date of birth provided by the subject and the court record. To ensure the integrity of our results, the criminal information reported appears exactly as it is received from each search.

As sex offender, office of foreign asset control and federal criminal offender databases may only list names, information is provided only if there is a complete name match between the subject and the entry in the government records.

Department of motor vehicle records are provided only if there is an exact match between the license number provided by the subject and the agency record.

Credit reports are provided by the credit bureau based on 2 matching criteria among name, address and social security number.

Case ID: 151100286

To the extent criminal background results are duplicative of findings from non-criminal background checks, such as a sex offender hit, the results are duplicated in the report. Accordingly, a thorough review of the complete report is required to ensure that the company properly recognizes duplicative results.

The purpose of Social Security Trace/Address Locator Report is to locate jurisdictions for purposes of expanding the scope of the criminal background check. The Social Security number provided by the applicant is not checked against the Social Security Administration database since the Social Security Administration database generally is not accessible for pre-employment screening purposes. In determining whether a number appears to be validly issued, SSN protocols are applied but please note that due to the randomization of the issuance of social security numbers, any conclusion regarding whether the number is valid may not be accurate for recently issued numbers.

AS IT MAY NOT BE PERMISSIBLE OR RECOMMENDED TO USE CERTAIN INFORMATION CONTAINED IN THIS REPORT FOR EMPLOYMENT DECISIONS, IT IS ADVISABLE TO CONSULT WITH COUNSEL PRIOR TO MAKING ANY ADVERSE HIRING DECISIONS. BY REQUESTING AND ACCEPTING THIS REPORT, CLIENT CONFIRMS IT IS ACTING IN COMPLIANCE WITH ITS END USER CERTIFICATION.

## Report Summary

Applicant's Status: Complete
Services Ordered:

| | | | |
|---|---|---|---|
| Enhanced National Criminal | C | | Clear |
| Sex Offender Registry Check | C | | Clear |
| Social Security Trace For County Searches | C | ABEL, AARON | Informational |
| Score Report - County Record | C | ABEL, AARON | Clear |
| Global Terrorist Watchlist Search | C | | Clear |
| County Criminal Record | C | DELAWARE, PA | Clear |

| Product | Reference | Status | Result |
|---|---|---|---|
| **Enhanced National Criminal** | | Complete | Clear |

Search Performed On 11/12/2013

**CLEAR**

| Product | Reference | Status | Result |
|---|---|---|---|
| **Sex Offender Registry Check** | | Complete | Clear |

Search Performed On 11/12/2013

There were no records found in the Registered Sex Offender database, including 50 states, Guam, Puerto Rico and the Northern Mariana Islands, matching the submitted search criteria based upon the information provided.

| Product | Reference | Status | Result |
|---|---|---|---|
| **Social Security Trace For County Searches** | ABEL, AARON | Complete | Informational |

SSN TRACE FOR:                    REPORT DATE:
ABEL, AARON                       11/12/2013
▮▮▮▮▮

TOTAL SUBJECTS RETURNED: 1

SUBJECT 1
  ABEL, AARON T

Applicant Name: ABEL, AARON          SSN: ███████          Control Number: 56786408

END-USER IS NOTIFIED THAT FOR LEGAL AND PRACTICAL REASONS INFORMATION
OBTAINED THROUGH A SOCIAL SECURITY NUMBER TRACE SHOULD BE USED ONLY TO
VERIFY THE INFORMATION PROVIDED BY THE CONSUMER ON HIS/HER EMPLOYMENT
APPLICATION. INFORMATION OBTAINED THROUGH A SOCIAL SECURITY NUMBER TRACE
SHOULD NOT BE USED ALONE OR IN CONJUNCTION WITH ANY OTHER INFORMATION TO
MAKE AN EMPLOYMENT DECISION.

**Score Report - County Record**          **ABEL, AARON**          **Complete**     **Clear**

Passed

**Global Terrorist Watchlist Search**          **Complete**     **Clear**

Search Performed On 11/12/2013

No Match was found in the Global Terrorist Watchlist

**County Criminal Record**          **DELAWARE, PA**          **Complete**     **Clear**

*** ALIAS NAMES HAVE BEEN SEARCHED ***

No Criminal Records Found

AARON ABEL

# VERIFICATION

I, Aaron Abel, hereby state:

1. I am the plaintiff in this action;

2. I verify that the factual statements made in the accompanying complaint are true and correct to the best of my knowledge information and belief; and

3. I understand that the statements in the accompanying complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 11/2/2015

_____
Signature